# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2062 | **DATE** | 1/9/2003 |
| **CASE TITLE** | RONALD BERRYHILL vs. STATE OF ILLINOIS TOLL HWY. AUTHORITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendant's motion to dismiss plaintiff's complaint is granted in part and denied in part. Plaintiff has fourteen days from the date of this Order to amend his complaint in accordance with this Order, if he can do so and remain in compliance with Rule 11. Defendant has twenty-one days thereafter to answer or otherwise plead to any amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JAN 10 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | |
| TBK courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

Document Number: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BERRYHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 2062 |
| ) | Paul E. Plunkett, Senior Judge |
| STATE OF ILLINOIS TOLL ) | |
| HIGHWAY AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Ronald Berryhill has sued the Illinois State Highway Toll Authority pursuant to 42 U.S.C. §§ ("section") 1981, 1983 for its alleged violations of his civil rights. Defendant has filed a Rule 12(b)(6) motion to dismiss the complaint.[1] For the reasons set forth below, the motion is granted in part and denied in part.

---

[1] Though neither party raised the issue, the Court has concluded that, to the extent defendant functions as an arm of the State of Illinois, the State has expressly waived its Eleventh Amendment immunity for civil rights suits in federal court. See 605 ILL. COMP. STAT. § 10/31(b) (permitting "[a]ny person . . . [to] bring a civil action to recover damages for injury to his person or property caused by any act of the [Toll Highway] Authority or by any act of any of its officers, agents or employees done under its direction.").

## Facts

Plaintiff started work as a toll collector for defendant on April 7, 1996 pursuant to a collective bargaining agreement. (Compl. ¶¶ 5-6.) On April 7, 2000, defendant terminated plaintiff's employment. (Id. ¶ 6.) Though plaintiff had a property interest in his job, defendant terminated him without giving him notice or an opportunity to contest it. (Id. ¶¶ 7-8.) Moreover, plaintiff says, defendant has an established practice of terminating employees without pre-termination notice and hearing. (Id. ¶ 9.) Plaintiff contends that defendant's actions violated his rights under sections 1981 and 1983 and seeks damages and reinstatement.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

Section 1981 prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981 (a)-(b); Saint Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987) ("[This] Court has construed . . . section [1981] to forbid all 'racial' discrimination in the making of private as well as public contracts."). To state a section 1981 claim, plaintiff must

allege that: "(1) [he is a] member[] of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). Plaintiff has not alleged that he was terminated because of his race. Accordingly, his section 1981 claim must be dismissed.

Section 1983 provides redress for constitutional deprivations that occur at the hands of certain government actors. 42 U.S.C. § 1983. Municipalities are among the class of "persons" subject to suit under section 1983, but states and agencies that function as arms of the state are not. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 (1989); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Because defendant does not argue that it is exempt from section 1983 liability, we assume that it functions more like a municipality than an arm of the State of Illinois. To plead a viable section 1983 claim against a municipality or, as in this case, an agency that acts like one, plaintiff must allege that he was deprived of a constitutional right pursuant to one of defendant's policies, customs or practices. Monell, 436 U.S. at 694.

Defendant does not contest plaintiff's "policy" allegations, but says that he has not adequately alleged that he was deprived of his procedural due process rights. As a general rule, the government cannot terminate a vested property interest, which plaintiff alleges he had in his job, without providing some kind of pre-deprivation hearing. Zinermon v. Burch, 494 U.S. 113, 127 (1990). When the deprivation is the result of random and unauthorized acts of government employees rather than established state procedure, however, it is impossible for the government to provide such a hearing. In those circumstances, the Supreme Court has said, a post-deprivation hearing, or a state tort remedy for wrongful deprivation, will suffice. Id. at 128-29. Thus, property deprivations that

result from random and unauthorized acts violate due process only if state post-deprivation remedies are inadequate. Id. at 115.

As defendant points out, it is not clear whether plaintiff is alleging that his termination was a random and unauthorized act or the product of defendant's established procedures. To the extent he alleges that it was the former, his claim must be dismissed. Plaintiff has not alleged that his post-deprivation remedies – any grievance procedure available under the collective bargaining agreement or a state tort suit for wrongful termination – are inadequate. Absent such allegations, any claim that plaintiff's termination was a random and unauthorized act that violated his procedural due process rights is not viable under section 1983.

That is not, however, the only plausible reading of plaintiff's complaint. Plaintiff's allegation that defendant routinely "discharg[es] employees without notice of charge, fair, prompt hearing, and due process of law," Compl. ¶ 9, supports the inference that his due process rights were violated *because of* defendant's established procedures, not in spite of them. This species of due process claim is viable regardless of the adequacy of post-deprivation remedies. See generally, Zinermon.

In short, plaintiff's allegations that he had a property interest in his job and that defendant terminated him from it without giving him any kind of pre-termination notice or hearing states a section 1983 procedural due process claim.

Whether plaintiff can succeed on that claim is another matter entirely. As our court of appeals has noted, the scope and formality of the required pre-termination hearing "depends on the other pre- and post-termination procedures available to the employee." Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 503 (7th Cir. 1999), abrogated on other grounds, Higgins v. Mississippi, 217 F.3d 951 (7th Cir. 2000). If there are elaborate post-termination procedures in place, a pre-

termination "hearing" that consists only of notice of the charges and an informal opportunity to respond to them passes constitutional muster. Id.

Defendant claims that is precisely the situation here. It says that plaintiff was given notice and an opportunity to be heard before he was terminated and the opportunity for full administrative review after the termination decision was made. Moreover, defendant has submitted a number of documents in support of its contention. But defendant did not attach the documents to its opening brief and request that its motion to dismiss be converted to one for summary judgment, the appropriate method for seeking a merits review of this case. Instead, it attached them to its reply brief in support of its motion to dismiss. To the extent defendant's submission of these documents constitutes a belated invitation to examine the merits of this case, the Court declines it.[2]

## Conclusion

For the reasons set forth above, defendant's motion to dismiss plaintiff's complaint is granted in part and denied in part. Plaintiff has fourteen days from the date of this Order to amend his complaint in accordance with this Order, if he can do so and remain in compliance with Rule 11. Defendant has twenty-one days thereafter to answer or otherwise plead to any amended complaint.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: 1-9-03

---

[2]Though we did not consider those documents in deciding this motion, the Court urges plaintiff to review them and cautions him that any amended complaint he files must comport with Rule 11.

-5-